UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY J. BENNETT, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Civil Action No. 13-1809 (KBJ) ) |
| UNITED STATES PAROLE COMMISSION, | ) ) ) ) |
| Respondent. | ) ) |

# MEMORANDUM OPINION

In this action for a writ of habeas corpus filed in November 2013, Petitioner, a D.C. Code felon, claims that he was denied due process during parole revocation proceedings because the "warrant issued was not under oath and supported by affirmation as required under the 4th Amendment." (Pet. at 5.) In addition, Petitioner claims that his custody is "illegal" because the case supporting the parole violation "was dismissed and no probable cause [was] found," and because his sentence has expired. (*Id.*)

In response to the court's order to show cause why the writ should not issue, Respondent United States Parole Commission ("USPC") asserts that no due process violation has occurred and that Petitioner's incarceration is legal insofar as he has had his parole revoked seven times and has not completed his sentence. (USPC's Opp'n to Pet'r's Pet. for a Writ of Habeas Corpus, ECF No. 7.) On March 5, 2014, Petitioner was advised about replying to Respondent's opposition and the possibility of a summary dismissal if he failed to reply by

1

April 15, 2014. (Order, ECF No. 8.) Petitioner was directed specifically to the following provision governing habeas actions:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not [responded to], shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

28 U.S.C. § 2248. Petitioner has neither replied to Respondent's opposition nor sought additional time to do so. Based on Respondent's documented opposition, the Court finds no grounds for issuing the writ and, therefore, will deny the petition and dismiss the case.

## BACKGROUND

Petitioner is serving a 30-year sentence imposed in June 1986 by the Superior Court of the District of Columbia for voluntary manslaughter and robbery. Petitioner was first released to parole supervision in February 1998 with an expiration date of June 9, 2016. (USPC's Opp'n, Ex. 2.) The instant petition is based on events that ensued after petitioner's seventh release to parole.

Petitioner was released to parole on February 22, 2012, with an expiration date of May 23, 2023 (*Id.*, Ex. 14.) On August 20, 2012, Petitioner's Community Supervision Officer requested issuance of a parole violator warrant based on Petitioner's failure to report for supervision and other administrative violations (Ex. 15). The USPC issued the warrant on September 12, 2012, charging Petitioner with "Failure to Report to Supervising Officer as Directed" and "Violation of Special Condition (Drug Aftercare)" (Ex.19). On April 20,

2013, Petitioner was arrested in the District of Columbia and charged in the Superior Court of the District of Columbia with unauthorized use of a vehicle ("criminal charge") (Ex. 20). As a result, the USPC supplemented the violator warrant on April 30, 2013, to include a law violation charge (Ex.21). The United States Marshal executed the violator warrant by arresting Petitioner on May 17, 2013 (Ex.22), and the USPC found probable cause to detain Petitioner following a hearing on May 28, 2013, at which Petitioner was represented by counsel from the District of Columbia's Public Defender Service (Ex. 23).

The Superior Court dismissed the criminal charge on July 5, 2013 (Ex. 24), and Petitioner filed this case from the District of Columbia's Correctional Treatment Facility on November 19, 2013. Following a parole revocation hearing on February 6, 2014 (Ex. 25), the USPC adopted the hearing examiner's recommendation to revoke Petitioner's parole on February 12, 2014 without relying on the law violation charge (Ex. 26). Petitioner has not sought to amend the Petition to challenge the outcome of the latter proceedings.

## ANALYSIS

District of Columbia prisoners are entitled to habeas corpus relief if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A parolee has a Fifth Amendment liberty interest in maintaining his conditional freedom and therefore is entitled to due process prior to revocation. *See Ellis v. District of Columbia*, 84 F.3d 1413,1420 (D.C. Cir.1996) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)). That entitlement, however, is limited to notice and an opportunity to

be heard in a meaningful and reasonably timely manner, *see id*. at 1421-24 (discussing *Morrissey's* standards), and to a decision that is neither "totally lacking in evidentiary support [n]or [] so irrational as to be fundamentally unfair." *Duckett v. Quick*, 282 F.3d 844, 847 (D.C. Cir. 2002) (citations omitted).

As to the specific claims raised in the instant Petition, Respondent argues correctly that the Fourth Amendment's oath or affirmation clause does not apply to the administrative warrants the USPC is authorized to issue upon a parole officer's representation that a parole violation has occurred. Resp't's Mem. at 4-5 (citing, *inter alia*, *United States v. Garcia–Avalino*, 444 F.3d 444, 447 (5th Cir. 2006) (concluding that "[g]iven the relaxed constitutional norms that apply in revocation hearings, a warrant for the arrest of a supervised releasee need not comply with the Oath or affirmation clause of the Fourth Amendment."); *United States v. Collazo–Castro*, 660 F.3d 516 (1st Cir. 2011) (holding that the Fourth Amendment does not require a warrant based on an oath or affirmation to revoke an individual on supervised release); *see generally Bethea v. U.S. Parole Comm'n*, 751 F. Supp. 2d 83 (D.D.C. 2010) (discussing the USPC's paroling authority over D.C. prisoners). This is so because parole proceedings are "separate administrative proceeding[s] at which the [parolee] does not possess the same rights as a criminal defendant at trial." *Maddox v. Elzie*, 238 F.3d 437, 445 (D.C. Cir. 2001); *see Hardy v. United States*, 578 A.2d 178, 181 (D.C. 1990) (noting that "jeopardy does not attach in probation or parole revocation proceedings because they are not new criminal prosecutions

4

but rather continuations of the original prosecutions which resulted in probation or parole.") (Internal citations omitted.); *see also Hyser v. Reed*, 318 F.2d 225 (D.C. Cir. 1963) (observing that the powers of the then-Parole Board "to issue warrants or effect an arrest for retaking" are derived from Congress, not the Constitution).

Petitioner's claim that his sentence has expired is belied by the record. The record shows that when the violator warrant underlying this action was issued on February 12, 2012, Petitioner's sentence was not due to expire until May 2023 because, in accordance with District of Columbia law, the credit for time Petitioner had served while on parole was rescinded upon each parole revocation. *See* Resp't's Mem. at 5-9; *Bethea*, 751 F. Supp. 2d at 85, n.3 ("In other words, petitioner forfeited 'street time' upon each parole revocation, and none of the time spent on parole is credited toward service of the underlying sentence.") (citing D.C. Code § 24-206 (a)).

## CONCLUSION

For the foregoing reasons, the Court accepts as true the USPC's unrefuted response to the show cause order and agrees that the petition for a writ of habeas corpus should be denied. A separate order accompanies this Memorandum Opinion.

*Ketanji Brown Jackson*
Ketanji Brown Jackson
United States District Judge

DATE: May 12, 2014

5